UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASMINE BUCKMASTER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Foreign Profit Corporation,<br><br>Defendant. | No.   3:25-cv-5375<br><br>**NOTICE OF REMOVAL** |

**TO: THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Target Corporation ("Target") removes this action to this Court from the Superior Court of the State of Washington for Pierce County, filed as Case No. 25-2-07506-6. In support of this Notice of Removal ("Notice"), Target states:

**I.     STATE COURT ACTION**

1.      On April 3, 2025, Plaintiff Jasmine Buckmaster ("Plaintiff") commenced this action by filing a Class Action Complaint in the Superior Court of the State of Washington for Pierce County, where it was assigned Case No. 25-2-07506-6 ("State Court Action"). *See* Declaration of Emily A. Bushaw in Support of Notice of Removal ("Bushaw Decl.") at ¶ 2, Ex. D

NOTICE OF REMOVAL – 1
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

("Complaint").

2. On April 14, 2025, Plaintiff served Target copy of the Summons and Complaint. Bushaw Decl. ¶¶ 2-3, Exs. A-F.

3. No further proceedings in this matter have been held in the Pierce County Superior Court. Bushaw Decl. ¶ 4. Target has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for Pierce County related to the above-captioned matter. *Id*. ¶ 3.

## II. PLAINTIFF'S CLASS ACTION ALLEGATIONS

4. Plaintiff purports to bring this action as a putative class action. Complaint ¶¶ 1.1, 4.1. Plaintiff seeks to represent "[a]ll individuals who are or were employed by Target Corporation in Washington State in positions paid on an hourly basis on or after April 3, 2022." *Id*. ¶ 4.1.

5. Plaintiff asserts claims against Target for alleged violations of (1) the Washington Industrial Welfare Act ("IWA"), Wash. Rev. Code 49.12; (2) the Washington Minimum Wage Act ("MWA"), Wash. Rev. Code 49.46; (3) the Washington Wage Payment Act ("WPA"), Wash. Rev. Code 49.48; and (4) the Washington Wage Rebate Act ("WRA"), Wash. Rev. Code 49.52. *Id.* ¶ 1. Specifically, Plaintiff alleges that Target violated the IWA "by failing to provide Plaintiff and Other Class Members with compliant thirty-minute meal periods and by creating work schedules, staffing levels and conditions of work that discouraged compliant meal periods." *Id*. ¶ 7.5. Plaintiff further alleges that Target "failed to compensate Plaintiff and Other Class Members for thirty minutes of work for each instance it did not provide a meal period in a duration of thirty minutes commencing between the second and fifth hour from the start of their shift or when it required them to work greater than five consecutive hours without or between meal periods." *Id*. ¶ 7.6. Plaintiff also alleges that Target violated the IWA "by failing to ensure Plaintiff and Other Class Members were not required to work over three consecutive hours without or between rest periods, that they received a ten-minute paid rest period for every four hours worked, and by creating work schedules, staffing levels and conditions of work that discouraged paid rest periods." *Id*. ¶ 8.5.

NOTICE OF REMOVAL – 2
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

Plaintiff further alleges that Target "failed to compensate Plaintiff and Other Class Members with an additional ten minutes of work for each instance it required them to work greater than three consecutive hours without or between rest periods, provided a rest period in a duration of less than ten minutes, or did not provide a rest period of at least ten minutes in duration for each four hours worked." *Id*. ¶ 8.6. Finally, Plaintiff alleges that Target's "actions constitute willful withholding of wages due in violation of RCW 49.52.050 and 070." *Id*. ¶ 9.2.

6. Plaintiff seeks "[c]lasswide damages for unpaid wages in amounts to be proven at trial," and "[c]lasswide exemplary damages pursuant to RCW 49.52.070." *Id*., Prayer for Relief, ¶¶ B-C. Plaintiff further seeks "attorneys' fees and costs . . . pursuant to RCW 49.46.090, 49.48.030, and 49.52.070." *Id*. ¶¶ D-E. Plaintiff also seeks "[c]lasswide pre-judgment interest," and other relief. *Id*. ¶¶ F-G.

### III. GROUNDS FOR REMOVAL

7. Target removes this matter based on the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

**A.   CAFA Jurisdiction**

8. Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).

9. Target denies Plaintiff's factual allegations and further denies that Plaintiff, or the class she purports to represent, is entitled to the requested damages. Target opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

   **1.   There Are at Least 100 Putative Class Members**

10. Plaintiff seeks to represent all individuals employed by Target in Washington State and paid on an hourly basis on or after April 3, 2022. Complaint ¶ 5.1. From April 3, 2022, to

NOTICE OF REMOVAL – 3
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

1  April 29, 2025, Target employed approximately 20,698 individuals in its Washington retail stores
2  that it paid on an hourly basis. Declaration of Adam Klarfeld in Support of Notice of Removal
3  ("Klarfeld Decl.") at ¶ 3. Target, therefore, satisfies CAFA's requirement to establish more than
4  100 putative class members.

### 2.    The Aggregate Amount in Controversy Exceeds $5 Million

11.    To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining there is "no antiremoval presumption" in CAFA cases; Congress enacted CAFA to expand access to federal court); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.").

12.    Where, as here, a complaint does not allege a specific amount in damages for the entire class, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee*, 574 U.S. at 88 (citing language in Section 1446(c)(2)(B)); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 924 (9th Cir. 2019) (reiterating notice of removal suffices if it contains "plausible allegations of the jurisdictional elements"); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (noting where a complaint is unclear or ambiguous regarding whether requisite amount in controversy pled, removing defendant must establish amount in controversy by preponderance of evidence).

13.    However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Because '[t]he amount in controversy is simply an estimate of the total amount in dispute,

NOTICE OF REMOVAL – 4
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

not a prospective assessment of defendant's liability,' a removing defendant need not present evidence of what its ultimate liability will be." *Perez v. Rose Hills Co.*, 131 F.4th 804, 807 (9th Cir. 2025) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). Instead, a removing defendant may rely on a "'chain reasoning that includes reasonable assumptions'" that are "'founded on the allegations of the complaint' and do not necessarily need to be supported by evidence." *Id*. (quoting *Arias*, 936 F.3d at 925); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (a removing party may rely on reasonable assumptions); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (quotations and citations omitted). In wage and hour cases such as this one, removing defendants are not required "to introduce evidence of the violation rate" but can rely on assumptions to satisfy the requirement that the amount in controversy exceeds five million "as long as the reasoning and underlying assumptions are reasonable." *Perez*, 131 F.4th at 807; *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (same).

14. Here, Plaintiff seeks damages and lost wages for alleged missed and noncompliant meal and rest periods and alleged resulting unpaid overtime "in amounts to be proven at trial," and "[d]ouble damages pursuant to RCW 49.52.070." Complaint, Prayer for Relief, ¶¶ B-C. Plaintiff alleges that Target "created and maintained work schedules and a working environment that discouraged" putative class members from taking compliant meal and rest breaks. Complaint ¶¶ 5.5, 5.8. Plaintiff also alleges that "on occasion" she and the putative class were not scheduled for, were not provided, and did not take complaint rest and meal breaks as required by Washington law. *Id*. ¶¶ 5.3-5.4, 5.6, 5.10. Plaintiff further alleges that she and the putative class are entitled to "an additional thirty minutes" of pay for "each instance" they were not provided a compliant meal break, and double damages. *Id*. ¶¶ 5.11-5.13. She also seeks "an additional ten minutes of work" for each instance where Target allegedly failed to provide a compliant rest break, to be paid at the overtime rate where employees worked more than forty hours per week. *Id*. ¶ 6.2.

NOTICE OF REMOVAL – 5
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

15.     Plaintiff's allegations, including allegations that Target has a practice of creating a work environment that discourages taking compliant meal and rest breaks and that "on occasion" putative class members were required to forgo their breaks, put in controversy *at least* a 10% violation rate. *See Perez*, 131 F.4th at 808 (concluding allegations that employer "at times" deprived employees of meal and rest breaks could support an assumption of a one missed meal break and one missed rest break per workweek, or a 20% violation rate assuming a 5-day workweek). And, "courts in the Ninth Circuit have frequently held a violation rate between 20% and 60% to be reasonable when the plaintiff claims a 'pattern and practice' of violations." *Sanchez v. Abbott Lab'ys*, No. 2:20-cv-01436-TLN-AC, 2021 WL 2679057, at *4 (E.D. Cal. June 30, 2021); *see also Rapisura v. BMW of North Am., LLC*, No. 2:22-cv-00455 WBS AC, 2022 WL 1557001, at *4 (E.D. Cal. May 17, 2022) ("Defendant's assumption of a 20 percent violation rate is consistent with what other courts have deemed reasonable."); *Cruz v. Mohawk Indus.*, No. 1:20-cv-01510-JLT-EPG, 2022 WL 93338, at *4 (E.D. Cal. Jan 10, 2022) (finding assumption that "20% of days had meal break violation" reasonable); *Cabrera v. S. Valley Almond Co., LLC*, No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585, at *6 (E.D. Cal. Dec. 16, 2021) (finding 20% violation rate for breaks consistent with Complaint's allegations); *Olson v. Becton, Dickinson & Co.*, No. 19cv865-MMA (BGS), 2019 WL 4673329, at *4-5 (S.D. Cal. Sept. 25, 2019) (finding 25% violation rate reasonable for meal and rest break claims where plaintiff asserted "pattern and practice" allegations).

16.     Based on Target's records, and on information and belief, the putative class has included at least 20,698 members since April 3, 2022, who have worked at least 2,916,918 shifts since June 28, 2022. Klarfeld Decl. ¶ 3.[1] The average hourly rate for the putative class since April 3, 2022, is approximately $18.34. *Id*. Assuming a 10 percent meal break violation rate, the amount in controversy for the meal break claim alone is at least $2,674,813.81 (2,916,918 total shifts x

---

[1] The actual number of shifts worked by putative class members is higher because this number only includes shifts worked since June 28, 2022, and does not include non-exempt employees in Washington State that did not work in retail stores.

NOTICE OF REMOVAL – 6
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

10% x $18.34 hourly rate x .5 (30 minutes)). Assuming a 10 percent rest break violation rate, the amount in controversy for the rest break claim alone is at least $891,604.60 (2,916,918 total shifts x 10% x $18.34 hourly rate x 1/6 (10 minutes)). This assumption does not account for rest break violations at the overtime rate, which would further increase the amount in controversy. This estimate is also conservative because it assumes putative class members worked relatively short shifts that did not require a second rest break. (For employees who worked shifts long enough to trigger a right to a second rest break, the same 10 percent violation rate would trigger twice as many violations.) Thus, it is more likely than not that Plaintiff puts in controversy at least $3,566,418.41 of meal and rest break damages ($2,674,813.81 + $891,604.60).

17. Further, Plaintiff seeks double damages, which puts in controversy at least another $3,566,418.41 of damages. *See* Complaint, Prayer for Relief.

18. Accordingly, it is more likely than not that Plaintiff puts at least $7,132,836.82 in damages in controversy ($3,566,418.41 + $3,566,418.41), which well exceeds CAFA's $5,000,000 threshold even before attorneys' fees are considered.

19. Plaintiff also requests an attorneys' fees award. Complaint, Prayer for Relief. Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018). For purposes of removal, the Ninth Circuit has held that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled in irrelevant part by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) (courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees awarded under the "percentage of fund" calculation and courts may depart from this benchmark when warranted); *Cabrera*, 2021 WL 5937585, at *11 (noting "25% of recovery is commonly used as a benchmark for reasonable attorneys' fees in class actions in the Ninth Circuit.").

20. Plaintiff's request for attorneys' fees, therefore, places an additional $1,783,209.21

NOTICE OF REMOVAL – 7
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

in controversy (25% of $7,132,836.82). Complaint, Prayer for Relief.

21. Overall, it is more likely than not that Plaintiff places more than $5,000,000 in controversy, and Target satisfies CAFA's amount-in-controversy requirement.

### 3. There is Minimal Diversity

22. CAFA requires the removing party to show that one putative class member is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a state different from any defendant"); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (concluding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

23. <u>Target's Citizenship.</u> "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). A company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). This "should normally be the place where [a corporation] maintains its headquarters" and a "single place." *Id*. At the time Plaintiff filed the State Court Action and at the time of removal, Target has been a corporation formed under the laws of the State of Minnesota. Klarfeld Decl. at ¶ 2. Additionally, at all relevant times, Target's principal place of business is Minnesota, where its corporate headquarters are located, its high-level corporate officers are located, and its primary, executive, administrative, financial, legal, marketing, and merchandising functions are performed. *Id*.

24. <u>Diverse Citizenship of a Putative Class Member.</u> For diversity purposes, a natural person's citizenship is determined by that person's domicile, i.e., "[one's] permanent home, where [that person] resides with the intention to remain or to which [that person] intends to return." *See Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (explaining citizenship determined by state of domicile) (quoting another source). A person's residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).

NOTICE OF REMOVAL – 8
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

25. Here, Plaintiff alleges that she is a resident of Washington State. Complaint ¶ 3.3.

26. Therefore, at least one member of the putative class is a citizen of a different state (Washington) from Target (Minnesota).

27. As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### IV. ACTION REMOVABLE

28. Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court under 28 U.S.C. § 1332.

29. Target is removing this action to the Tacoma Division of this Court because Plaintiff alleges that her claims arose in Pierce County. Complaint ¶ 2.4. The Tacoma Division of this Court "embrac[es] the place where [the state court] action is pending," and is, therefore, the appropriate court for removal. 28 U.S.C. § 1441(a).

30. Target filed this Notice with the Court within thirty days after Target received the Complaint, in accordance with 28 U.S.C. § 1446(b)(1). *See* Bushaw Decl. ¶ 3.

31. Target will promptly give written notice of the filing to Plaintiff and will promptly file a copy of the Notice with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

### V. PLEADINGS FILED

32. Target attached copies of all process, pleadings, and orders from the State Court Action to the Bushaw Declaration filed with this Notice of Removal. Bushaw Decl. ¶ 2, Exs. A-F.

NOTICE OF REMOVAL – 9
(No. 2:25-CV-_____)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

Dated: May 2, 2025

By: s/ *Emily A. Bushaw*
Emily A. Bushaw, WSBA #41693

s/ *Heather Shook*
Heather Shook, WSBA #56610

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
Email: EBushaw@perkinscoie.com
Email: HShook@perkinscoie.com

*Attorneys for Defendant*

NOTICE OF REMOVAL – 10
(No. 2:25-CV-_____)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3

# CERTIFICATE OF SERVICE / SERVICE LIST

On May 2, 2025, I caused to be served upon the below-named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

**Attorneys for Plaintiff Jasmine Buckmaster**

| | |
|---|---|
| James B. Pizl, WSBA No. 28969<br>Matthew R. Heyert, WSBA No. 43051<br>Erica L. Molina, WSBA No. 57363<br>**Entente Law PLLC**<br>315 Thirty-Ninth Ave SW STE 14<br>Puyallup, WA 98373-3690<br>Phone: 253.446.7668<br>Email: jim@ententelaw.com<br>Email: mheyert@ententelaw.com<br>Email: erica@ententelaw.com | ☐ Via hand delivery<br>☐ Via U.S. Mail, 1st Class, Postage Prepaid<br>☐ Via Overnight Delivery<br>☐ Via Email<br>☑ Via CM/ECF |

**Attorneys for Defendant Target Corporation**

Emily A. Bushaw, WSBA # 41693
Heather Shook, WSBA # 56610
**Perkins Coie LLP**
1201 3rd Avenue, STE 4900
Seattle, WA 98101
Phone: 206.359.8000
Fax: 206.359.9000
Email: EBushaw@perkinscoie.com
Email: HShook@perkinscoie.com

**I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on May 2, 2025.

s/ *Emily A. Bushaw*
Emily A. Bushaw, WSBA# 41693

CERTIFICATE OF SERVICE
(No. 2:25-CV-_____)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

141494.0018\181315749.3