The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASMINE BUCKMASTER, individually and on behalf of all those similarly situated,

Plaintiff,

vs.

TARGET CORPORATION, a Foreign Profit Corporation,

Defendant.

Case No. 3:25-cv-05375-MLP

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL SETTLEMENT CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court on Plaintiff's Motion for Conditional Settlement Class Certification and Preliminary Approval of Class Action Settlement. Defendant does not oppose the motion. The Court has considered the motion together with the supporting declaration and exhibits and the record on file with the Court. For the reasons set forth below, the Court GRANTS the motion, conditionally certifies the Settlement Class, and preliminarily approves of the parties' class-wide settlement.

## I.   SETTLEMENT CLASS CERTIFICATION

1.      The Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) are satisfied for the Settlement Class, as defined by the parties and set forth below. Moreover, because this class is being certified solely for settlement purposes, manageability issues for trial need not be considered.

ORDER GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL SETTLEMENT CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 1
Case No. 3:25-cv-05375-MLP

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 13**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**

2.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court certifies this matter as a class action for settlement purposes, with the Settlement Class defined as follows:

> All current and former non-exempt Target employees who performed work in the state of Washington from April 3, 2022 through the date Court grants preliminary approval or May 21, 2026, whichever is earlier. ("Settlement Class Period").

3.      The Court appoints Plaintiff Jasmine Buckmaster as Class Representative of the Settlement Class and James B. Pizl and the law firm of Entente law PLLC as Class Counsel for the Settlement Class.

## II.      PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

4.      The Court must satisfy itself that the proposed class-wide settlement is fair, adequate, and reasonable to the class and was the product of non-collusive, arms' length negotiations. Fed. R. Civ. P. 23(e). In conducting such analysis, courts in the Ninth Circuit consider the following factors:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).

5.      Based on the Court's review of the instant motion and the parties' Settlement Agreement (Exhibit 2 to the Declaration of James B. Pizl) together with its knowledge of the claims and defenses at issue in the case and the proceedings to date, the Court concludes that the terms of the parties' proposed settlement appear fair, reasonable, and adequate. To that end, the Court ORDERS as follows:

ORDER GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL SETTLEMENT CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
Case No. 3:25-cv-05375-MLP

**ENTENTE LAW PLLC**
**315 THIRTY-NINTH AVE SW STE 13**
**PUYALLUP, WA  98373-3690**
**(253) 446-7668**

a.  The Court approves the form and content of the parties' proposed notice to the Settlement Class Members ("Notice") that is attached as Exhibit 2 to the Declaration of James B. Pizl.

b.  The Court concludes that the manner of giving notice satisfies Rule 23 and the requirements of due process and, consistent with the terms of the parties' Settlement Agreement, the Court directs the Settlement Administrator to mail a copy of the Notice to each Settlement Class Member no later than forty-five (45) days following the date of this Order ("Initial Mailing Date").

c.  Settlement Class Members shall have forty-five (45) days after the Initial Mailing Date to request exclusion from the Settlement Class ("Notice Deadline"). To be effective, any such request must be made in writing; and must be received by the Settlement Administrator by mail before the Notice Deadline.

d.  The Court approves appointment of Simpluris as Settlement Administrator and preliminarily approves payment of their fees and costs, not to exceed $120,000 from the Common Settlement Fund created by the Settlement.

e.  On July 10, 2026, at 9:00 a.m., the Court will conduct a hearing ("Final Fairness Hearing") to determine whether to approve the settlement as fair, reasonable, and adequate, which, if so approved, will result in a dismissal and final judgment. The Final Fairness Hearing may, without further notice to the Settlement Class, be continued or adjourned by order of this Court.

f.  The Court approves notifying the Settlement Class of Plaintiff's request for $412,500 in attorneys' fees plus actual litigation costs of approximately $10,000, to be paid from the Common Settlement Fund, subject to final approval at the Final Fairness Hearing.

g.  The Court approves notifying the Settlement Class of the proposed incentive Service and Full Release Award of $20,000 to the Class Representative, in

ORDER GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL SETTLEMENT CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
Case No. 3:25-cv-05375-MLP

recognition of her role in this case and service to the Class and her grant of a general release to Defendant, to be paid from the Common Settlement Fund, subject to final approval at the Final Fairness Hearing.

h.  Within the later of twenty one (21) days after the Notice Deadline, or seven (7) days following resolution of any challenge for exclusion, the Court directs Class Counsel to file with the Court a supplemental memorandum in support of final approval of the Settlement to inform the Court of any Proposed Class Members who have opted out of the settlement, to provide the Court with copies of all written objections received from any Proposed Class member with copies of their envelopes, and to respond to any objections to the settlement

i.  Settlement Class Members may submit a written objection to any of the terms of the proposed settlement by following the instructions as set forth in the Notice. Only Settlement Class Members who file a timely, written objection to the settlement will be permitted to appeal or seek review of this Court's decision approving or rejecting the settlement.

j.  In the event the parties' proposed settlement does not become effective in accordance with the terms of the Settlement Agreement or is not finally approved by this Court, the Court shall vacate this order and reinstate all claims and defenses.

Dated this 13th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL SETTLEMENT CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 4
Case No. 3:25-cv-05375-MLP

ENTENTE LAW PLLC
315 THIRTY-NINTH AVE SW STE 13
PUYALLUP, WA  98373-3690
(253) 446-7668

PRESENTED BY:

ENTENTE LAW PLLC


/s/ James B. Pizl
James B. Pizl, WSBA #28969
jpizl@ententelaw.com
Daniel J. Teimouri, WSBA #47965
dteimouri@ententelaw.com
Erica L. Molina, WSBA #57363
erica@ententelaw.com

315 39th Ave SW, Suite 13
Puyallup, WA 98373-3690
Phone: (253) 251-1276

*Attorneys for Plaintiff*

ORDER GRANTING PLAINTIFF'S MOTION FOR
CONDITIONAL SETTLEMENT CLASS CERTIFICATION
AND PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
Case No. 3:25-cv-05375-MLP